FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ FEB 15 2012 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE

-------------------------------------------------------------------------------X

SEAN STEWART,

**COMPLAINT**

Plaintiff,

Docket No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, GERARD DELPRETE, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

CV 12 - 750

GLEESON, J

POLLAK, M.J

Defendants.

-------------------------------------------------------------------------------X

Plaintiff SEAN STEWART, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

**Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff SEAN STEWART is a forty-four year old African American man who resides in Staten Island, New York

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants GERARD DELPRETE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On March 20, 2010, at approximately 7:30 p.m., the defendant NYPD police officers unlawfully stopped and detained plaintiff near the corner of Port Richmond Avenue and Castleton Avenue, Staten Island, New York.

13.     The defendants searched plaintiff by patting him down and searching in his pockets.

14.     The defendants did not find any contraband on plaintiff.

15.     The defendants held plaintiff at said location for approximately twenty minutes.

16.     The defendants then handcuffed plaintiff and imprisoned him inside a police vehicle for approximately one hour.

17.     The defendant officers transported plaintiff to an NYPD police precinct and imprisoned plaintiff therein.

18.     The defendants imprisoned plaintiff until March 21, 2010 when plaintiff was transported to Richmond County Criminal Court and arraigned on false charges filed against claimant on Docket No. 2010R002724 based on the false statements of defendant GERARD DELPRETE.

19.     Plaintiff was released from Richmond County Criminal Court.

20.     The malicious prosecution compelled plaintiff to return to Court numerous times, until October 26, 2011, when all the purported charges filed against plaintiff by the defendants were dismissed and sealed in Richmond County Criminal Court.

21.     The defendant officers either participated in or failed to intervene in the illegal conduct described herein.

22.     All of the above occurred as a direct result of the unconstitutional policies,

3

customs or practices of the City of New York, including, without limitation, the policies of engaging in falsification, and of arresting individuals without probable cause to believe that they have committed a crime; the inadequate screening, hiring, retaining, training and supervising of its employees; and due to discrimination against plaintiff due to his race and/or nationality.

23.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the requirements of probable cause when arresting individuals.

24.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

25.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise him.

26.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

4

**Federal Claims**

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

27.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29.    All of the aforementioned acts deprived plaintiff SEAN STEWART, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

31.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33.    As a result of the foregoing, plaintiff SEAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.    Defendants arrested plaintiff SEAN STEWART without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

36.    Defendants caused plaintiff SEAN STEWART to be falsely arrested and unlawfully imprisoned.

37.    As a result of the foregoing, plaintiff SEAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants maliciously issued criminal process against plaintiff by causing him to be arraigned and prosecuted in Richmond County Criminal Court.

40.    Defendants caused plaintiff SEAN STEWART to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and for personal and professional benefits.

6

41.    As a result of the foregoing, plaintiff SEAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

44.    Defendants caused plaintiff SEAN STEWART to be prosecuted without any probable cause until the charges were dismissed on October 26, 2011.

45.    As a result of the foregoing, plaintiff SEAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    Defendants had an affirmative duty to intervene on behalf of plaintiff SEAN STEWART, whose constitutional rights were being violated in their presence by other officers.

48.    The defendants failed to intervene to prevent the unlawful conduct described herein.

7

49.     As a result of the foregoing, plaintiff SEAN STEWART'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

50.     As a result of the foregoing, plaintiff SEAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The defendants falsely arrested and unlawfully imprisoned plaintiff SEAN STEWART because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

53.     As a result of the foregoing, plaintiff SEAN STEWART was deprived of his rights under the Equal Protection Clause of the United States Constitution.

54.     As a result of the foregoing, plaintiff SEAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

57.     As a result of the foregoing, plaintiff SEAN STEWART was deprived of his liberty and right to substantive due process, causing emotional injuries.

58.     As a result of the foregoing, plaintiff SEAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61.     As a result of the foregoing, plaintiff SEAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

9

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals without probable cause and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict said individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SEAN STEWART'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SEAN STEWART.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SEAN STEWART as alleged herein.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SEAN STEWART as alleged herein.

68.     As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SEAN STEWART was unlawfully arrested, illegally searched, and unlawfully imprisoned.

69.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SEAN STEWART'S constitutional rights.

70.     All of the foregoing acts by defendants deprived plaintiff SEAN STEWART of federally protected rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from false arrest/unlawful imprisonment;

      C.      To be free from malicious prosecution;

      D.      To be free from the failure to intervene; and

      E.      To receive equal protection under law.

71.     As a result of the foregoing, plaintiff SEAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SEAN STEWART demands judgment and prays for the

following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individually named defendants in an amount to be

determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
February 9, 2012

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff SEAN STEWART